IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

--------------------------

No. 97-30626

--------------------------

OTIS L WILSON, ET AL.,

Plaintiffs

OTIS L WILSON; WILLIE WILLIAMS, JR

Plaintiffs - Appellants

v.

MAYOR AND BOARD OF ALDERMAN OF ST FRANCISVILLE, LA; ET AL.

MAYOR AND BOARD OF ALDERMAN OF ST FRANCISVILLE, LA; WILLIAM D'AQUILLA, Mayor of St Francisville; RICHARD HOLCOMB, Member of the Board of Alderman of St. Francisville; OSCAR ROBERTSON, JR, Member of the Board of Aldermen of St Francisville; JAMES DAVIS, Member of the Board of Aldermen of St Francisville; JAMES R LEAKE, JR, Member of the Board of Aldermen of St Francisville; BARBARA BONADVENTURE, Member of the Board of Aldermen of St Francisville

Defendants - Appellees

--------------------------

Appeal from the United States District Court
for the Middle District of Louisiana

--------------------------

February 25, 1998

Before GARWOOD, JOLLY, and HIGGINBOTHAM, Circuit Judges.

HIGGINBOTHAM, Circuit Judge:

Plaintiffs appeal the district court's judgment denying their motion for attorneys' fees. The district court held that Wilson was not the "prevailing party" under 42 U.S.C. § 1973*l*(e) with respect to the Board's motion for relief from judgment. We agree and AFFIRM.

I

In April 1992, the Board of Aldermen of St. Francisville, Louisiana, replaced the at-large voting scheme used to elect the Mayor and the Board with an apportionment plan which divided the town into two districts. One was a single member district with a black majority and the other was a multi-member district which was to elect the other four Aldermen. The plan contained a residency requirement in that each board member had to reside in the district from which the member was elected. The Board submitted its plan to the Attorney General for preclearance under § 5 of the Voting Rights Act.

While the Attorney General was considering the plan, Wilson and Williams, black residents and registered voters of St. Francisville, filed suit claiming that the at-large system violated the Fourteenth and Fifteenth Amendments and Section 2 of the Voting Rights Act, 42 U.S.C. § 1973. They sought an injunction enjoining the elections scheduled for October 3, 1992. The district court refused to grant them injunctive relief, but took the case under submission.

On May 18, 1993, the Attorney General refused to preclear the Board's plan. In June 1993, the Board offered to settle the § 2 suit if Wilson would agree to its plan. Wilson refused to settle. The Board asked the Attorney General to reconsider the preclearance decision. Wilson opposed this request. The Attorney General declined to reconsider the Board's plan. On March 27, 1995, the parties agreed to a consent judgment which adopted an apportionment plan drafted by Wilson's expert. Under this plan, St. Francisville

was divided into three districts: one single-member minority district and two districts which would each elect two aldermen. The plan did not have a residency requirement. The consent judgment awarded Wilson $17,500 for attorneys' fees and costs since he was the prevailing party in the suit.

Shortly after the district court approved the consent judgment, the Supreme Court handed down Miller v. Johnson, 515 U.S. 900 (1995). In light of Miller, the Board filed a motion for relief from the consent judgment asserting that the approved plan was unconstitutional and asking the district court to "place the parties back into the position they were in prior to the entry of the Consent Judgment, to proceed in light of the Miller decision." See R.5 at 889. Wilson opposed the Board's motion and moved for an injunction ordering the Board to implement the plan under the consent judgment. Wilson argued that the consent judgment was not unconstitutional under Miller and that the Board was not entitled to any relief.

The district court held the consent judgment plan unconstitutional and set aside the consent judgment insofar as it ordered the town to be divided into three districts. The district court acknowledged that the parties had stipulated that there was a violation of § 2 of the VRA, R.6 at 21-22, 26, and approved the plan the Board proposed in 1992, absent the residency requirement.

R.1 at 52.  Neither party appealed the district court's order adopting the two district plan for electing the Board.[1]

Wilson moved for attorneys' fees and costs for opposing the Board's motion for relief from judgment.  The district court denied Wilson's request because it found the Board to be the prevailing party with respect to the Rule 60(b) motion.  Moreover, that the Board was required to take action to enjoin the implementation of the unconstitutional consent judgment plan and that the election plan adopted was the one the Board originally proposed were special circumstances justifying the denial of Wilson's claim for attorneys' fees.

The only matter before us is whether Wilson is entitled to attorneys' fees for opposing the Board's motion for relief from judgment.  We have jurisdiction under 28 U.S.C. § 1291.


II

We review a district court's award of attorneys' fees for abuse of discretion and its supporting factual findings for clear error.  Watkins v. Fordice, 7 F.3d 453, 456 (5th Cir. 1993).

"Only 'prevailing parties' may recover attorneys' fees under 42 U.S.C. §§ 1973*l*(e), 1988."  Id.  "A plaintiff prevails if the relief obtained, through judgment or settlement, materially alters the defendants' behavior in a way directly benefitting the plaintiff."  Id.  "[A]t a minimum, to be considered a prevailing

---

[1]The parties agreed that the Mayor would be elected under the at-large scheme.

4

party . . . the plaintiff must be able to point to a resolution of the dispute which changes the legal relationship between itself and the defendant." Texas State Teachers Ass'n v. Garland Indep. Sch. Dist., 489 U.S. 782, 792 (1989). "Beyond this absolute limitation, a technical victory may be so insignificant . . . as to be insufficient to support prevailing party status." Id. In an action to prevent the modification of an earlier judgment, the plaintiff will be deemed to have prevailed if the judgment is left undisturbed. Walker v. HUD, 99 F.3d 761, 767 (5th Cir. 1996).

Wilson argues that he is entitled to attorneys' fees in opposing the Board's motion because he succeeded in preventing the Board from returning to the at-large voting regime and preserving the benefits the consent judgment granted to him viz., a judicial pronouncement that there was a § 2 violation, a change in the election system from at-large to a multi-district scheme with a majority black district, and an award of attorneys' fees. Wilson's argument is unconvincing.

We, like the district court, do not construe the Board's Rule 60(b) motion as a request to return to the at-large voting scheme. After Miller, the Board believed the adopted plan suffered from unconstitutional line drawing of the voting districts. The district court agreed with the Board, finding one district of the plan to be "bizarrely shaped", R.6 at 17, and the plan itself unconstitutional. Wilson interprets the Board's request to return to the position it was in prior to the consent judgment to mean that the Board sought re-implementation of the at-large system.

5

The context of that statement indicates otherwise. First, the Board asked for the parties to be returned to the positions they were in prior to the entry of the consent judgment so that they could proceed in light of Miller. That the Board recognized the relevancy of Miller shows its intent to adopt a constitutional multi-district voting scheme and not a desire to revert back to the at-large system. Second, prior to the entry of the consent judgment, the Board was pursuing preclearance of its two-district plan, not vigorously opposing the dismantling of the at-large scheme.

Wilson's opposition to the Board's Rule 60(b) motion was not necessary to preserve the victories previously garnered. In ruling on the Board's motion, the district court acknowledged that the parties had stipulated that there was a § 2 violation. At this stage in the litigation, it was beyond peradventure that the district court would adopt a plan with a black majority district. Similarly, Wilson's prior award of attorneys' fees was never in danger of being overturned. Hence, the district court's reaffirmation of its earlier rulings did not signal an alteration in the Board's behavior benefitting Wilson. See Farrar v. Hobby, 506 U.S. 103, 111-12 (1992).

Wilson further contends that he was the prevailing party because he succeeded in removing the residency requirement from the Board's plan. Though the district court extracted the residency requirement from the Board's plan, we believe that Wilson's opposition to the Board's motion for relief was not the motivating

6

factor for this action. In opposing the Board's motion for relief, Wilson forcefully argued for an injunction requiring the Board to implement the plan set forth in the consent judgment. In his supporting brief, Wilson never mentioned his desire to have, or the significance of, an election scheme without a residency requirement. Instead of Wilson's protests, the factor most likely compelling the district court's removal of the residency requirement was the Attorney General's objection to the plan as originally proposed. See generally City of Rome v. United States, 446 U.S. 156, 185 (1979) (noting the harmful effects of residency requirements).

We hold that Wilson's opposition to the Board's motion for relief from judgment did not cause any material change in the legal relationship of the parties to his benefit. The Board sought to have the district court declare unconstitutional the plan under the consent judgment; Wilson sought to have the district court enforce the consent judgment. In no way did Wilson seek the action the district court took - declaring the consent judgment plan unconstitutional and adopting the Board's plan absent the residency requirement. Since he did not prevent the Board from disturbing the consent judgment, the district court did not clearly err in finding that Wilson was not the prevailing party with respect to the Board's motion for relief from judgment and did not abuse its discretion in refusing to award Wilson attorneys' fees.

The judgment of the district court is AFFIRMED.