Revised February 11, 2001

# IN THE UNITED STATES COURT OF APPEALS

# FOR THE FIFTH CIRCUIT

No. 99-30677

WILLIAM D. DEAN, JR., ET AL.,

Plaintiffs,

JOHN MENDENHALL; GARY VALENTINE;
and GEORGE K. STEWART,

Plaintiffs-Appellees,

versus

LARKIN T. RISER, Individually and in his official
capacity as Sheriff of Webster Parish, Louisiana,

Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Louisiana

February 13, 2001

Before DAVIS, JONES, and STEWART, Circuit Judges.

CARL E. STEWART, Circuit Judge:

Defendant-Appellant Larkin T. Riser ("Riser") appeals the district court's conclusion that,

notwithstanding the Plaintiffs-Appellees' voluntary dismissal with prejudice under FED. R. CIV. P.

41(a) of their civil rights action before an adjudication on the merits, he is not a "prevailing party"

within the meaning of 42 U.S.C. § 1988 (b) ("§ 1988") and is therefore not entitled to an award of attorney's fees. For the reasons assigned below, we vacate the district court's judgment and remand.

FACTUAL AND PROCEDURAL HISTORY

Riser was elected Sheriff of Webster Parish, Louisiana, by defeating Tommy Kemp ("Kemp"), the chief deputy to Riser's predecessor, Sheriff Royce McMahen. Several of the deputies in the sheriff's office, including the plaintiffs, publically supported Kemp during the election. After assuming office, Riser terminated some of the plaintiffs and refused to renew the commissions of other plaintiffs. As a result, the plaintiffs brought a 42 U.S.C. § 1983 action against Riser claiming political retaliation.

After a year of litigation, the plaintiffs voluntarily moved to dismiss their claims with prejudice under FED. R. CIV. P. 41(a). The district court granted the motion. Subsequently, Riser filed for attorney's fees under The Civil Rights Attorney's Fees Awards Act of 1976, 42 U.S.C. § 1988, claiming that he was a prevailing party and that the plaintiffs' civil rights action was groundless. A magistrate judge issued a report and recommendation that pronounced the following rule of law: "Absent any ruling on the merits of the claim by summary judgment or trial, a defendant is not a § 1988 prevailing party when the plaintiff voluntarily dismisses his claims." As such, the magistrate judge recommended that Riser's claim for attorney's fees be denied. The district court adopted the magistrate judge's report and recommendation in toto. Riser now appeals the district court's judgment.

DISCUSSION

I.      Standard of Review

2

We review a denial of § 1988 attorney's fees for abuse of discretion. Cruz v. Hauck, 762 F.2d 1230, 1233 (5th Cir. 1985). The district court's underlying findings of fact are subject to review for clear error. Wilson v. Mayor of St. Francisville, 135 F.3d 996, 998 (5th Cir. 1998); United States v. Mississippi, 921 F.2d 604, 609 (5th Cir. 1991). However, we review de novo the conclusions of law underlying a denial of attorney's fees. Marre v. United States, 117 F.3d 297, 301 (5th Cir. 1997).

II.     Attorney's Fees

A.     Prevailing Party Policy Considerations

Under § 1988, a court "in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs" for proceedings in vindication of civil rights. 42 U.S.C. §1988. The purpose of this law is to ensure "'effective access to the judicial process' for persons with civil rights grievances." Hensley v. Eckerhart, 461 U.S. 424, 429, 103 S. Ct. 1933, 1937, 76 L. Ed. 2d 40 (1983) (quoting H.R. REP. No. 94-1558, p. 1 (1976)).

In the specific context of § 706(k) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5(k), the Supreme Court articulated the general policies and competing interests that prompted Congress to enact such statutes authorizing district courts to award attorney's fees to prevailing parties in civil rights litigation. See Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 98 S. Ct. 694, 54 L. Ed. 2d 648 (1978). Congress considered vigorous enforcement to vindicate civil rights a high priority and entrusted plaintiffs to effectuate this policy. Id. at 416 (citing Newman v. Piggie Park Enter., 390 U.S. 400, 402, 88 S. Ct. 964, 19 L. Ed. 2d 1263 (1968) (characterizing such plaintiffs as "private attorney[s] general")). Therefore, a prevailing plaintiff is deserving of an award of attorney's fees because they are assessed against a "violator of federal law." Christiansburg, 434 U.S. at 418.

In the case of prevailing civil rights defendants, however, the aforementioned policy considerations, which support the award of fees to a prevailing plaintiff, are inescapably absent. As such, "[a] successful defendant seeking counsel fees . . . must rely on quite different equitable considerations." Id. at 419. Namely, while Congress wanted to "'make it easier for a plaintiff of limited means to bring a meritorious suit,'" it also "wanted to protect defendants from burdensome litigation having no legal or factual basis." Id. at 420 (citation omitted).

B.      Awarding Attorney Fees

After balancing these policy considerations inherent to prevailing civil rights plaintiffs and defendants, two respective legal standards have emerged regarding the award of attorney's fees. See White v. South Park Indep. Sch. Dist., 693 F.2d 1163, 1169 (5th Cir. 1982)("[T]he standard for awarding attorney's fees differs if a defendant rather than a plaintiff prevails."). "[A] prevailing plaintiff ordinarily is to be awarded attorney's fees in all but special circumstances." Christiansburg, 434 U.S. at 416. Thus, a prevailing plaintiff in a civil rights action is presumptively entitled to reasonable attorney's fees, unless a showing of "special circumstances" is made that would deem such an award unjust. See Scham v. Dist. Court Trying Criminal Cases, 148 F.3d 554, 557 (5th Cir. 1998).

However, the Supreme Court has set a more rigorous standard for awarding attorney's fees to prevailing defendants. A district court may award attorney's fees to a prevailing civil rights defendant only "upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation." Christiansburg, 434 U.S. at 421; Hensley 461 U.S. at 429 n.2. Thus, attorney's fees for prevailing defendants are presumptively unavailable unless a showing is made that the underlying civil rights suit was vexatious, frivolous, or otherwise without merit.

4

Consequently, it is essential that a district court begin its response to a request for attorney's fees by identifying the movant as a plaintiff or defendant. Mississippi, 921 F.2d at 609. The court must then consider whether the movant is a prevailing party. Hughes v. Unified Sch. Dist. #330, 872 F. Supp. 882, 885 (D. Kan. 1994) (citing Farrar v. Hobby, 506 U.S. 103, 113 S. Ct. 566, 121 L. Ed. 2d 494 (1992)). Upon concluding that the movant is a prevailing party within the meaning of § 1988, the court in its discretion may then decide whether the movant is entitled to a reasonable fee award. 42 U.S.C. § 1988; Hughes, 872 F. Supp. at 885 (citing Farrar, 113 S. Ct. at 573-74).

III.     Analysis

The initial determination is not an issue in this case because Riser was indisputably before the district court as a defendant. The second determination, however, defies such concise treatment. Whether a defendant is a prevailing party within the meaning of § 1988 when a plaintiff voluntarily dismisses his action with prejudice before adjudication on the merits is an issue of first impression for this court and one scantly traversed by our fellow federal courts.

In the instant case, the district court denied Riser's request for attorney's fees because the court concluded that Riser was not a prevailing party. Thus, the district court ruled that Riser failed to meet the threshold requirement of prevailing party status because the plaintiffs voluntarily dismissed their action with prejudice before the court ruled on or adjudicated the merits of the plaintiffs' claim. The district court essentially adopted the rule of law pronounced in Marquart v. Lodge 837, 26 F.3d 842, 852 (8th Cir. 1994), and declared that "absent any ruling on the merits of the claim by summary judgment or trial, a defendant is not a § 1988 prevailing party when the plaintiff voluntarily dismisses his claim."

5

Farrar is the most recent Supreme Court jurisprudence on the issue of prevailing party status. However, the case specifically addressed the circumstances under which a plaintiff can be deemed a prevailing party. A plaintiff is a prevailing party only when he "obtains actual relief on the merits of his claim" that "materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." Farrar, 506 U.S. at 111; see also TK's Video, Inc. v. Denton County, Texas, 24 F.3d 705, 711 (5th Cir. 1996) ("A prevailing party must effect change in the legal relationship between plaintiff and defendant."). The Court, however, neither articulated a separate standard for prevailing defendants nor suggested or intimated that the standard, which it pronounced in the exclusive co ntext of prevailing plaintiffs, is applicable to prevailing defendants.

Although Farrar offers no dispositive guidance regarding the determination of prevailing party status for defendants, this court has adjudicated a related inquiry. In Anthony v. Marion County General Hospital, 617 F.2d 1164, 1170 (5th Cir. 1980), we concluded that a defendant was a prevailing party under § 1988 when a plaintiff's Title VII racial discrimination suit was involuntarily dismissed with prejudice for want of prosecution. We stated that:

> Although there has not been an adjudication on the merits in the sense of a weighing of facts, there remains the fact that a dismissal with prejudice *is deemed an adjudication on the merits* for the purposes of res judicata. As such, the [defendant] has *clearly prevailed in this litigation.*

Id. at 1169-70 (emphasis added).

Schwartz v. Folloder, 767 F.2d 125, 127 (5th Cir. 1985), involved allegations of various securities act violations. In Schwartz, the plaintiffs voluntarily dismissed their action with prejudice, but the defendant opposed the dismissal order. Id. at 128. He argued that the order prejudiced him

6

because in refusing to issue a judgment on the merits, the district court thereby denied him the prevailing party status requisite to trigger the awarding of costs. See id. We rejected the defendant's argument by iterating that "a dismissal with prejudice gives the defendant the full relief to which he is legally entitled and is *tantamount to a judgment on the merits*." Id. at 129 (emphasis added). Thus, we held that the defendant was a prevailing party but remanded the case to the district court because the court had failed to state its reasons for denying the defendant's request for costs. Id. at 134.

A comparison of Anthony and Schwartz reveals a consistent stance toward the efficacy of a dismissal with prejudice despite a court not having adjudicated the claim. The dismissal is tantamount to a judgment on the merits. From the plain and unequivocal language of these opinions, this conclusion is unavoidable.

However, the inferential and incremental step that Riser now urges this court to take by holding that the voluntary dismissal of a plaintiff's civil rights claim, before there has been any ruling on the merits, bestows prevailing party status upon a defendant within the meaning of § 1988 is not inevitable. The persuasive value of Schwartz on this point is easily distinguishable. As a case involving alleged violations of securities law, neither § 1988 nor its underlying competing policies were applicable.

Anthony, however, defies such similarly succinct treatment. The critical distinguishing point is the instant plaintiffs' voluntary dismissal of their suit with prejudice and the involuntary dismissal of the plaintiff's action in Anthony. To decide whether such a distinction demands diverging treatment, we must reflect upon the dual policies of §1988–encouraging the vigorous enforcement

7

of civil rights while discouraging the litigation of frivolous, unreasonable, or groundless claims. Christiansburg, 434 U.S. at 420, 422.

As previously discussed, Congress empowered plaintiffs to act as "private attorneys general" to achieve the former goal. Id. at 416. The latter consideration counterpoised concerns that unfettered zealous enforcement of civil rights could potentially inundate courts with meritless litigation. Thus, civil rights plaintiffs bear an awesome responsibility to vindicate a Congressional policy of highest priority, but they must do so within the confines of a fair adversarial process. See id. at 418-19.

This statement contains an implicit reiteration of the overarching principles of § 1988. "[W]hile Congress wanted to clear the way for suits to be brought . . . , it also wanted to protect defendants from burdensome litigation having no legal or factual basis." Id. at 420. The practical difficulty of balancing these competing policies is evident upon closer examination of the question before us today.

Many circumstances may influence a plaintiff to voluntarily dismiss his claim with prejudice. Upon advice of counsel, the plaintiff may decide to withdraw a complaint in federal court to pursue an exclusively state law cause of action. See Marquart, 26 F.3d at 852 ("The decision to withdraw a complaint with prejudice and to pursue state law claims . . . is a legitimate litigation strategy.").[1] This type of strategic decision reveals nothing about the merits of a plaintiff's case but merely

_____

[1] Although the Eighth Circuit did not address the issue, this court notes that such a litigation strategy could potentially preclude a plaintiff from filing the suit in a different forum. Recognizing that as a practical matter a voluntary dismissal with prejudice may have implications of res judicata or collateral estoppel for the plaintiff, we emphasize that the aforementioned situation merely illustrates a circumstance in which the defendant would not be a prevailing party entitled to an award of attorney's fees under § 1988.

8

indicates his preferred forum. As such, it does not warrant a conclusion that a defendant in such a case has prevailed within the meaning of § 1988.

Moreover, a plaintiff whose claim appeared meritorious at the onset may encounter various changes in his litigation posture during the unpredictable course of litigation. "Decisive facts may not emerge until discovery or trial. The law may change or clarify in the midst of litigation." Christiansburg, 434 U.S. at 423. Should such events create insurmountable problems of proof for the plaintiff, voluntarily withdrawing the complaint with prejudice would be the prudent thing to do. See Marquart, 26 F.3d at 852.

However, to hold that in such circumstances the defendant necessarily prevails would penalize the plaintiff for doing precisely what should be done. See id. In addition, potential plaintiffs' resulting fear of an increased risk of being assessed attorney's fees "'would create a disincentive to the enforcement of civil rights laws.'" Id. (citation omitted). This type of chilling effect would utterly contradict Congress's intent.

With respect to the more calculating plaintiff, who voluntarily withdraws his complaint "to escape a disfavorable judicial determination on the merits," the balance tips in favor of the counter policy to discourage the litigation of frivolous, unreasonable, or groundless claims. Id. Any rule that categorically forecloses the possibility of a defendant being found a prevailing party in such circumstances could seriously threaten the effectuation of this policy. A plaintiff could bring a groundless civil rights claim and avoid the consequences contemplated pursuant to § 1988 by merely dismissing his claim before adjudication. Under this construction of the law, the plaintiff would not only be able to shirk responsibility for his actions but also would be inequitably positioned to strip the

9

defendant's protection, as contemplated under § 1988, from burdensome litigation with no legal or factual foundation.

Recognizing these various possible reasons that a plaintiff might elect to withdraw his complaint with prejudice, the Eighth Circuit chose to articulate a narrow bright-line rule in response to the inquiry of whether a defendant is a prevailing party when a civil rights plaintiff voluntarily dismisses his claim. The court held that "[t]o obtain prevailing party status, a defendant must be able to point to a judicial declaration to its benefit." Id. While this bright line rule is more predictable and easier to administer, we decline to adopt it and favor a more flexible approach.

As astutely stated in Marquart, courts fulfill a dual role when enforcing civil rights. They "must decide specific cases and controversies" as well as "articulate public policy." Id. at 849. Accordingly, "the judiciary looks beyond the litigants to the effect the judicial decision has on future litigants." Id.

The competing policies that undergird § 1988 and the myriad circumstances that influence voluntary dismissals belie the pronouncement of a per se rule in response to the question before us today. The policy considerations surrounding the law of attorney's fees for prevailing civil rights litigants demand a flexible rule. It should empower trial courts to balance the concerns for encouraging vigorous enforcement of civil rights against discouraging frivolous litigation within the specific and unique context of each individual case. Accordingly, we hold that a defendant is not a prevailing party within the meaning of § 1988 when a civil rights plaintiff voluntarily dismisses his claim, unless the defendant can demonstrate that the plaintiff withdrew to avoid a disfavorable judgment on the merits.

10

Our holding today embraces the Supreme Court's reminder that the plaintiff's ultimate failure to prevail does not automatically establish that "the action must have been unreasonable or without foundation" thereby warranting an award of attorney's fees. Christiansburg, 434 U.S. at 421. Moreover, it underscores the import Congress placed on protecting civil rights defendants from enduring the burden of groundless litigation. Thus, it provides defendants a means to redress abusive situations in which civil rights plaintiffs could simply dismiss their cases voluntarily to avoid a judicial determination on the merits that could potentially expose them to an award of attorney's fees for filing a frivolous and unreasonable claim.

Because our holding today addresses an issue regarding a legal path lightly traveled, we do not have the benefit of a road illuminated by the brilliance of numerous courts' opinions. Nonetheless, in dealing with the necessarily small and almost infinitesimal universe of reported cases in which civil rights plaintiffs voluntarily dismiss their claims to avoid judgment on the merits, we offer the following guidance to district courts in determining whether such dismissals warrant an award of attorney's fees.

Upon the defendant's motion, the court  must determine that the plaintiff's case was voluntarily dismissed to avoid judgment on the merits.  Once this affirmative determination has been made, the defendant must then establish that the plaintiff's suit was frivolous, groundless, or without merit.  Ordinarily, these inquiries can be resolved from the record developed in the case before the court, supplemented by affidavits and , only if necessary, testimonial evidence.  Additional relevant evidence includes but is not limited to information concerning discovery delays and abuses, slothful prosecution, negative rulings, and sanctions against the plaintiffs. Upon reaching the above two

11

conclusions, the district court may then in its discretion award the defendant attorney's fees under § 1988.

This approach provides an efficient mechanism to address the dilemma of encouraging civil rights plaintiffs to dismiss voluntarily nonviable claims while protecting civil rights defendants from the burdens of frivolous litigation. By limiting the inquiry and analysis to the evidence in the record from the proceedings over which the district court adjudicated, opening the Pandora's Box of anathematic hearings to determine these issues is avoided.

As such, the rule we pronounce today does not frustrate the policy behind imposing a more rigorous standard on prevailing defendants than plaintiffs to obtain § 1988 attorney's fees. Our holding does not alleviate or displace a prevailing defendant's burden of showing that the plaintiff's action was vexatious, frivolous, or without foundation in order to obtain a reasonable attorney's fee award because the mere dismissal of the plaintiffs suit will not *establish* that the underlying claim was frivolous, unreasonable, or groundless. See Hidden Oaks Ltd. v. City of Austin, 138 F.3d 1036, 1053 (5th Cir. 1998) (citing Hughes v. Rowe, 449 U.S. 5, 15-16, 101 S. Ct. 173, 178-79, 66 L. Ed. 2d 163 (1980) ("The fact that the Court dismissed Plaintiffs' suit is not in itself a sufficient justification for the fee award.")) (emphasis added); see also, Anthony, 617 F.2d at 1170 (concluding that the plaintiff's failure to prosecute, while sufficient to support an involuntary dismissal, standing alone was insufficient to establish as a matter of law that the claim was frivolous or vexatious). Therefore, the rule we pronounce today will not upset the delicate balance that Congress intended to exist between encouraging the policy of private plaintiffs effecting the vigorous vindication of civil rights and protecting civil rights defendants from the burdens of frivolous lawsuits.

CONCLUSION

12

We VACATE the district court's denial of Riser's request for attorney's fees and REMAND for further proceedings consistent with this opinion.

VACATED and REMANDED.