**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 02-60158**
**Summary Calendar**

_____

**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,**

**Plaintiff,**

**LISA PETTIS,**

**Intervenor-Plaintiff-Appellee,**

**versus**

**ROYER HOMES OF MISSISSIPPI, INC.,**

**Defendant-Intervenor-Defendant-Appellant.**

**Appeal from the United States District Court**
**for the Southern District of Mississippi**
**(1:00-CV-229-GR)**

October 16, 2002

Before BARKSDALE, DeMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

In this Title VII action, for which judgment was awarded Lisa Pettis on her retaliation claim, Royer Homes, Inc., contests an award of attorney's fees to Pettis. "The district court's determination of attorney's fees is reviewed for abuse of discretion, and the findings of fact supporting the award are

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

reviewed for clear error." ***Tyler v. Union Oil Co. of California***, ___ F.3d ___, 2002 WL 1969678, *9 (5th Cir.) (internal quotation marks and citation omitted). Of course, legal conclusions are reviewed *de novo*. *See* ***Dean v. Riser***, 240 F.3d 505, 507 (5th Cir. 2001).

The district court thoroughly-analyzed the applicable factors from ***Johnson v. Georgia Highway Express, Inc.***, 488 F.2d 714 (5th Cir. 1974), and awarded less than half Pettis' claimed attorney's fees. For example, as discussed in its thorough opinion, it greatly reduced both the requested hourly rate and the time reasonably spent by Pettis' counsel on this case. Royer Homes, Inc., merely disputes the factual findings, which are *not* clearly erroneous.

***AFFIRMED***