**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

———————————

No. 02-50810

(Summary Calendar)

———————————

ALAN BROWN; LOIS BROWN,

                        Plaintiffs - Appellees,

versus

WILSON COUNTY, Etc.; ET AL,

                        Defendants.

WILSON COUNTY, in its municipal capacity; JOSEPH CICHERSKI, Wilson County Animal Control Officer in his official and individual capacity; JOE D TACKITT, Wilson County Sheriff in his official and individual capacity; JASON PRICE, Sheriff's Deputy in his official and individual capacity; CHRISTOPHER AYALA, Sheriff's Deputy in his official and individual capacity

                        Defendants - Appellants.

———————————————————————————

Appeal from the United States District Court
For the Western District of Texas
SA-97-CV-1473

———————————————————————————

March 11, 2003

Before DAVIS, WIENER, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Wilson County, et al. ("the defendants") appeal the district court's denial of their application for attorney's fees and costs. The defendants were the prevailing parties in the underlying 42 U.S.C. § 1983 action. They subsequently filed motions for attorney's fees and costs pursuant to 42 U.S.C. § 1988(b) and Federal Rule of Civil Procedure 54(d)(1).

We review the district court's denial of attorney's fees for abuse of discretion. *See Mathis v. Exxon Corp.*, 302 F.3d 448, 461 (5th Cir. 2002).

Section 1988 provides that, in a lawsuit brought under § 1983, the district court, "in its discretion, may allow the prevailing party . . . a reasonable attorney's fee[.]" 42 U.S.C. § 1988(b). However, when the "prevailing party" is the defendant, the district court can award attorney's fees "only 'upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation.'" *Dean v. Riser*, 240 F.3d 505, 508 (5th Cir. 2001) (quoting *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421 (1978)). In this case, the defendants failed to show that the plaintiffs' action was frivolous. Thus, the district court did not abuse its discretion in declining to award attorney's fees.

We review the district court's refusal to award costs for abuse of discretion. *See Mota v. Univ. of Texas Houston Health Sci. Ctr.*, 261 F.3d 512, 529 (5th Cir. 2001).

Federal Rule of Civil Procedure 54 provides that "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs[.]" FED. R. CIV. P. 54(d)(1). In this case, the district court refused to award costs, apparently because the court found the plaintiffs' action not to be frivolous. However, the district court used the wrong legal standard

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

in determining whether to award costs.  The court can award costs to a prevailing party, even when the other party's claims were non-frivolous.  *See Byers v. Dallas Morning News, Inc.*, 209 F.3d 419, 430 (5th Cir. 2000).  We therefore vacate the district court's decision denying the defendants' application for costs.  We remand to allow the district court to reconsider whether the defendants are entitled to costs and, if so, the amount to which they are entitled.

AFFIRMED IN PART; VACATED AND REMANDED IN PART.