Ernest K. LEVY

v.

**The OFFICE OF THE LEGISLATIVE AUDITOR, Grover Austin, and Darryl Purpera.**

**Civil Action No. 04–195–FJP–CN.**

United States District Court,
M.D. Louisiana.

Oct. 20, 2006.

---

**500**

Joseph Jerome Long, Baton Rouge, LA, for Ernest K. Levy.

David Alexander Young, David Glen Sanders, John S. Coulter, Louisiana Department of Justice, Houston T. Penn, Baton Rouge, LA, for Grover Austin and Darryl Purpera.

### RULING ON MOTION FOR AN AWARD OF ATTORNEY'S FEES AND COSTS

POLOZOLA, District Judge.

This matter is before the Court on defendants' motion for an award of attorney's fees and costs.[1] For the reasons which follow, the motion is DENIED.

### I. Background facts

This motion follows the contentious litigation[2] between the plaintiff, Ernest K. Levy, and the Office of the Legislative Auditor for the State of Louisiana (plaintiff's former employer), and two of his former supervising co-workers, Grover Austin and Darryl Pupera (collectively "defendants"). Plaintiff originally filed this suit in the Nineteenth Judicial District for the Parish of East Baton Rouge, Louisiana on March 5, 2004, alleging violations of 42 U.S.C. § 1983 and various claims under state law.[3] The defendants timely removed this suit to federal court on the basis of this Court's federal question jurisdiction.[4] Following the removal of this case to federal court, defendants filed motions for summary judgment on the basis of qualified immunity.[5] The Court noted the initial briefs in support of and in opposition to the motion failed to meet the standard of civility and professionalism required for attorneys who practice in the Middle District of Louisiana and ordered the parties to re-file their briefs on the issue.[6] Thereafter, the Court issued a stay order and administratively closed the case pending the United States Supreme Court's decision in *Garcetti v. Ceballos* which the Court believed was directly applicable to the pending motion for sum-

---

1. Rec. Doc. No. 91.

2. A s will be discussed later, the conduct of counsel and the parties in this case was far below the standard of professionalism expected by this Court in pleadings, discovery, conferences, and court hearings.

3. I n his complaint, plaintiff principally alleged that his First Amendment rights were violated by defendants' actions.

4. Rec. Doc. No. 1.

5. Rec. Doc. Nos. 59 & 71.

6. Rec. Doc. No. 70. While not directly relevant in this motion, the personal attacks throughout this litigation cause this Court great concern. This lack of civility between the parties was below the level of professionalism this Court expects and the federal judiciary deserves.

mary judgment.[7] After the Supreme Court rendered its decision in *Garcetti*, the Court reopened the case and ordered the parties to supplement their briefs to discuss the applicability of *Garcetti* to this case.[8] Thereafter, this Court, relying on *Garcetti*, granted the defendants' motions for summary judgment and dismissed the plaintiff's federal claims with prejudice.[9] Defendants then filed the pending motion for attorney's fees and related, non-taxable expenses as prevailing parties under 42 U.S.C. § 1988.[10]

## II. Law and Analysis

### A. Attorney's Fees under Section 1988 for Prevailing Defendants

In the United States, parties are ordinarily required to bear their own attorney's fees.[11] Under this "American Rule," courts follow a "general practice of not awarding fees to a prevailing party absent explicit statutory authority."[12] In cases involving 42 U.S.C. § 1983, Congress has authorized the award of attorney's fees to a "prevailing party" under the Civil Rights Attorney's Fees Award Act of 1976.[13]

Under 42 U.S.C. § 1988, a court, "in its discretion, may allow the prevailing party ... a reasonable attorney's fee as part of the cost" for proceedings in vindication of civil rights.[14] The law was designed to ensure " 'access to the judicial process' for persons with civil rights grievances." [15] Thus, the standard a plaintiff must meet to recovery attorney's fees as a prevailing party is less rigid than the standard a prevailing defendant must satisfy.

Thus, a "successful defendant seeking counsel fees ... must rely on quite different equitable considerations." [16] This was emphasized by the Supreme Court in *Christiansburg Garment Company v. EEOC*, wherein it stated that while Congress wanted to " 'make it easier for a plaintiff of limited means to bring a meritorious suit,' " it also "wanted to protect defendants from burdensome litigation having no legal or factual basis." [17] Accordingly, a district court may award attorney's fees to a prevailing civil rights defendant only "upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation." [18] It is clear that a plaintiff's failure in an action is not determinative as to whether the suit was

7. Rec. Doc. No. 85, citing *Garcetti v. Ceballos*, — U.S. ——, 126 S.Ct. 1951, 164 L.Ed.2d 689 (2006).

8. Rec. Doc. No. 86.

9. Rec. Doc. No. 89. The Court refused to exercise supplemental jurisdiction on the state law claims under 28 U.S.C. § 1367 and remanded those claims to state court.

10. Rec. Doc. No. 91.

11. *Buckhannon Bd. and Care Home, Inc. v. West Virginia Dept. of Health and Human Resources*, 532 U.S. 598, 602, 121 S.Ct. 1835, 1839, 149 L.Ed.2d 855 (2001), citing *Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 247, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975).

12. *Id.* citing *Key Tronic Corp. v. United States*, 511 U.S. 809, 819, 114 S.Ct. 1960, 128 L.Ed.2d 797 (1994).

13. 42 U.S.C. § 1988 (2000).

14. *Id.*

15. *Hensley v. Eckerhart*, 461 U.S. 424, 429, 103 S.Ct. 1933, 1937, 76 L.Ed.2d 40 (1983), citing H.R.Rep. No. 94–1558, p. 1 (1976).

16. *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 419, 98 S.Ct. 694, 699, 54 L.Ed.2d 648 (1978)

17. *Id.* at 420, 98 S.Ct. at 700, citing Remarks of Senator Humphrey, 110 Cong. Rec. 12724 (1964).

18. *Id.* at 421, 98 S.Ct. at 700.

**502**

without foundation. As the Supreme Court recognized in *Christiansburg:*

> The course of litigation is rarely predictable. Decisive facts may not emerge until discovery or trial. **The law may change or clarify in the midst of litigation.** Even when the law or facts appear questionable or unfavorable at the outset, a party may bring an entirely reasonable ground for bringing suit.[19]

In *Hughes v. Rowe,* the Supreme Court recognized the standard for granting a defendant attorney's fees is the same under 42 U.S.C. § 1988 as under Title VII.[20] Further, the Court in *Hughes* emphasized that simply because the plaintiff's suit is dismissed "does not, without more, entitle the defendant to attorney's fees."[21] The Court explained that "[a]llegations that, upon careful examination, prove legally insufficient to require a trial are not, for that reason alone, 'groundless' or 'without foundation' as required by *Christiansburg.*"[22]

The Fifth Circuit follows the standard set forth by the Supreme Court. Thus, in *Dean v. Riser,* the Fifth Circuit held that "the mere dismissal of the plaintiffs' suit will not *establish* that the underlying claim was frivolous, unreasonable, or groundless."[23] The Fifth Circuit also noted that an award for "attorney's fees for prevailing defendants is presumptively unavailable unless a showing is made that the underlying civil rights suit was vexatious, frivolous, or otherwise without merit."[24]

## B.  Application

Having set forth the standard the defendants must meet and the Court must apply in this case, the Court now turns to a discussion of the facts of this case. After carefully reviewing the entire record, the Court finds that defendants' request for attorney's fees must be denied.

█   While it is clear that plaintiff's suit was dismissed after defendants' motions for summary judgment were granted, it is equally clear that the Court delayed ruling on the motions for summary judgment until the U.S. Supreme Court decided the *Garcetti* case and the parties were given the opportunity to specifically address the applicability of *Garcetti.* The Court's opinion granting defendants' motions for summary judgment is based largely on the Supreme Court's holding in *Garcetti.*[25] Because this Court based its decision primarily on precedent which was not decided until after the current matter was pending, this Court finds that the plaintiff's lawsuit was not frivolous, unreasonable or without foundation.

Defendants contend the suit was frivolous and they are entitled to attorney's fees based upon the Fifth Circuit's decision in *United States. v. Mississippi* which outlined three factors a district court should consider in determining whether a suit is frivolous.[26] In determining whether a suit

---

19. *Id.* at 422, 98 S.Ct. at 700–701 (emphasis added).

20. 449 U.S. 5, 14, 101 S.Ct. 173, 178, 66 L.Ed.2d 163 (1980).

21. *Id.* at 15, 101 S.Ct. at 179.

22. *Id.* at 15–16, 101 S.Ct. at 179.

23. 240 F.3d 505, 512 (5th Cir.2001).

24. *Id.* at 508.

25. Rec. Doc. No. 89.

26. 921 F.2d 604, 609 (5th Cir.1991), citing *EEOC v. Kimbrough Inv. Co.,* 703 F.2d 98, 103 (5th Cir.1983). See also *Walker v. City of Bogalusa,* 168 F.3d 237, 240 (5th Cir.1999). Defendants incorrectly cite *Hidden Oaks Ltd. v. City of Austin* as outlining these factors. 138 F.3d 1036, 1053 (5th Cir.1998). *See* Defendants' Memorandum in Support of Motion for Reimbursement of Attorney's Fees and Related Non–Taxable Expenses as Prevailing Parties under 42 U.S.C. § 1988, page 6, n. 15.

was frivolous, the Fifth Circuit said a district court should consider whether: (1) the plaintiffs established a prima facie case, (2) the defendant offered to settle, and (3) the court dismissed the case or held a full trial.[27] While these three factors may seem to favor defendants in the current matter, these factors are not the exclusive methodology for considering when an action is frivolous. It is also important to note that these facts fail to take into consideration the unique circumstances in this case where the dismissal was based primarily on a recently decided Supreme Court case.[28] As the Fifth Circuit clarified in *Walker v. City of Bogalusa*, an action is considered frivolous "if it is 'so lacking in arguable merit as to be groundless or without foundation....'"[29] In *Walker*, the Fifth Circuit upheld an award for attorney's fees to a defendant, finding that suit was "patently frivolous."[30] This action was not "patently frivolous" and was not "so lacking in arguable merit as to be groundless or without foundation." The issues decided by the Supreme Court in *Garcetti* had been the subject of conflicting decisions. The law was not clearly established at the time plaintiff's suit was filed and the defendants filed their motions for summary judgment. Nor was there a consensus of cases of persuasive authority that clearly set forth the law and would have let the defendants and others know

that their actions would have violated plaintiff's rights.[31]

In further support of their contention that plaintiff's suit was frivolous, unreasonable and without foundation, defendants also argue they are entitled to attorney's fees because this Court noted summary judgment would have been proper whether *Garcetti* applied or not.[32] Defendants' argument rests on a footnote in the Court's ruling which stated, absent *Garcetti*, the balance favors the defendants' interests over the plaintiff's interest in this matter.[33] Even considering the possibility that the Court's ruling would have been the same had the Court not considered *Garcetti*, defendants are still not entitled to attorney's fees under the standard outlined by the Supreme Court and the Fifth Circuit under the facts of this case. The plaintiff's action cannot be classified as "veracious, frivolous, or otherwise without merit."[34] This matter was pending for over two years and required lengthy and contentious discovery and several conferences and hearings with the Court before it was resolved. Simply because plaintiff's allegations proved legally insufficient to require a trial does not, for that reason alone, make them groundless or without foundation.[35]

This Court's ruling on the defendants' motions for summary judgment was based largely on precedent not decided or clearly

---

27. *Id.*

28. As the Fifth Circuit noted in *Myers v. City of West Monroe*, these factors often can be misleading in the civil rights context. 211 F.3d 289, 292 (5th Cir.2000).

29. 128 F.3d at 240, citing *Plemer v. Parsons-Gilbane*, 713 F.2d 1127, 1140–41 (5th Cir. 1983).

30. *Id.*

31. *McClendon v. City of Columbia*, 305 F.3d 314, 329 (5th Cir.2002); *Williams v. Ballard*, No. 04–11310 466 F.3d 330 (5th Cir.

2006)(per curiam). While both of these cases pertain to whether qualified immunity was a proper defense, they also are equally applicable to the issue before this Court.

32. Rec. Doc. No. 100, p. 2.

33. See Rec. Doc. No. 89, p. 9, n. 27.

34. See *Dean v. Riser*, 240 F.3d at 508.

35. See *Hughes v. Rowe*, 449 U.S. at 14, 101 S.Ct. at 178.

established until after this suit was filed. In its wisdom, the Supreme Court in *Christiansburg* recognized that courts should not award attorney's fees when the changes or clarifications in the law determine the outcome of an action. While the Court believes now as it did at the time of its earlier opinion that plaintiff's federal claim was without merit, this does not mean that the defendants are automatically entitled to recover attorney's fees. This action was not frivolous, groundless or without foundation. Therefore, for the Court to award attorney's fees in this matter would be improper under the unique facts of this case and the legal authorities cited earlier in this opinion.[36]

### III. Conclusion

For the reasons set forth above:

IT IS ORDERED that defendants' motion for an award of attorney's fees and costs be and it is hereby DENIED.

---

**36.** The Court has considered all of the contentions of the parties whether specifically discussed herein or not.