LESLIE H. SOUTHWICK, Circuit Judge,
dissenting:
The majority has ably identified the relevant facts and discussed legal issues that arise with claims for attorneys’ fees. My disagreement is narrow, but it has consequence in this case.
*430 I agree with the majority that we should affirm on the finding that the plaintiff continued too long after it became clear that there was no federal case. So some attorneys’ fees should be reimbursed. The District Court properly stated that usually a party seeking attorneys’ fees must allocate the fees separately between the successful claims and the unsuccessful. That was not done here because the claims were found to be too interrelated. It is at that point that I depart from the reasoning we are affirming.
The standard quoted by the Magistrate Judge was taken from a precedent that applied a Texas statute that allowed attorneys’ fees:
The district court did not require that File-Steele segregate its fees into those fees incurred for successful claims and those incurred for unsuccessful claims. Instead, the court found that no segregation was required because the claims arose out of the same transaction and were so interrelated that their prosecution or defense entailed proof or denial of essentially the same facts.
U.S. for Varco Pruden Bldgs. v. Reid & Gary Strickland Co., 161 F.3d 915, 919 (5th Cir.1998). The relevant Texas statute in Vareo authorized payment of fees for the collection of a debt. Tex. Civ. Prac. Rem.Code Ann. § 38.001 (Vernon 1986). The court found an explanation of that fee statute in a state decision. Varco, 161 F.3d at 919 (citing Flint & Assocs. v. Intercont'l Pipe & Steel, Inc., 739 S.W.2d 622 (Tex.App.-Dallas 1987, writ denied)). The Flint court stated that the recoverable fees were only those necessary for the claim for which the statute authorized fees. Flint, 739 S.W.2d at 624. However, fees were also permitted for legal services “rendered in connection with all claims, even if recovery of attorney fees is not authorized for [some of the] claims, if they arise out of the same transaction and are so interrelated that their prosecution or defense entails proof or denial of essentially the same facts.” Id. at 624-25.
I find the Magistrate Judge erred in using this standard from a debt collection statute for allowing fees to a creditor, then applying it equivalently to plaintiffs and defendants in civil rights cases. Congress wanted plaintiffs of limited financial means to bring meritorious suits and recover their attorneys’ fees, while also permitting defendants to recover fees when the action was “frivolous, unreasonable, or groundless,” or, even if not initially clear, the plaintiff continued to litigate the case after its frivolousness was clear. Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 422, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978). No such limitation would likely exist, nor was one mentioned, in Varco or Flint.
We have held that “the standard for awarding attorneys’ fees differs if a defendant rather than a plaintiff prevails.” White v. South Park Indep. Sch. Dist., 693 F.2d 1163, 1169 (5th Cir.1982). We instead apply a “more rigorous standard for awarding attorney’s fees to prevailing defendants.” Dean v. Riser, 240 F.3d 505, 508 (5th Cir.2001) (citing Christiansburg, 434 U.S. at 421, 98 S.Ct. 694).
This demanding framework stems from Congress’s admonition that plaintiffs in civil rights actions occupy a unique and protected role in vindicating the rights enumerated in Section 1983. See Dean, 240 F.3d at 507. Viewing a civil rights plaintiff as a “private attorney general,” we do not permit awards of attorneys’ fees against a civil rights plaintiff absent a showing that his suit was “vexatious, frivolous, or otherwise without merit.” Id. at 508.
In the debt collection precedent the Magistrate Judge cited, we declined to require the plaintiff to segregate the work *431 done in support of its successful claims from its unsuccessful ones because the work on each was so interrelated as not to be divisible. Varco, 161 F.3d at 919. The majority here does not refer to that same caselaw, but it is the legal standard used by the Magistrate Judge after deciding that the legal work on the various claims could not be disentangled. As I will explain, in my view that was error and it affected the manner in which the facts were analyzed.
The Vareo approach is sensible when attorneys’ fees are being awarded to plaintiffs. A plaintiffs counsel may perform legal services that support successful and unsuccessful legal theories. When it is factually impossible to allocate the services, requiring a defendant to reimburse them all will assure that a plaintiff is recovering what was necessary to bring the suit, a payment to which the plaintiff is entitled. Any artificial discount because of the interrelated services may lead to less than total fee reimbursement. In such a case, the approach of the Texas debt collection statute makes sense because the interests are the same — allowing a plaintiff fully to recover, including attorneys’ fees.
On the other hand, when a defendant has successfully fended off some but not all claims as frivolous, there is still one or more claims for which the defendant has not been found to deserve any attorneys’ fees. The plaintiff may well — it has not been resolved — be entitled to bring those claims. So long as the plaintiffs remaining claims are not found to be frivolous, no reimbursement to the defendant for the fees on those claims is permissible even if the plaintiff does not prevail. Consequently, when some claims are dismissed as frivolous and others are not, allowing a defendant full recovery of his fees because the services for the various claims are too interrelated gives too much.
In summary, when work done on a plaintiffs successful and unsuccessful claims is confusingly interrelated, not requiring attorneys’ fees awarded to be artificially segregated avoids an unfair discount. Quite differently, using interrelatedness as the reason not to segregate fees awarded to a defendant causes an inequitable windfall. See Blum v. Stenson, 465 U.S. 886, 898-94, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984) (Section 1988 should not produce windfalls to attorneys).
In the present case, it appears that almost all the defendant’s discovery and factual analysis would have been necessary even if no federal claims had been brought. Generally, the same witnesses would be deposed, the same documents produced, and the same factual disputes resolved. Only the legal work allocable solely or dominantly to the dismissed federal claims was unnecessary.
The suit will proceed now in state court. If the state to which a case such as this is remanded has a fee-shifting statute similar to Section 1988, and if the state claims prove frivolous, the defendant can then recover the fees for the overlapping work performed in federal court. Only then will it be known that the highly interrelated legal services were all on groundless claims. If the plaintiff prevails, then all he recovers is for the legal work necessary to succeed, plus, such fees as were too interrelated to allocate with the dismissed federal claims. Finally, if the plaintiff loses but at least the claims are not found to be groundless, no one receives any fee reimbursement.
If there is no fee-shifting statute for the state law claims that operates similarly to Section 1988, then this approach still avoids a windfall. When there is no specific authority for awarding fees, each party bears its own. We would only be enforc *432 ing in advance the state’s refusal to shift fees.
Accordingly, I would reject the Magistrate Judge’s application of the Vareo standard to this case. The majority refers to another part of the Magistrate Judge’s decision in which she stated that both parties focused throughout litigation on the federal claim. That finding does not affect my view that any fee for services by Vice’s counsel that was also necessary for the state claims is not recoverable, no matter what the focus of counsel might have been.
Therefore, I find an abuse of discretion by the district court. See Merced v. Kasson, 577 F.3d 578, 595 (5th Cir.2009). The only fees Fox should be required to pay are those solely applicable to his federal claims. The defendant is entitled to be paid for the legal services necessary to remove the action and now to address the remand, as well as any services uniquely arising from the legal work to have the Section 1983 claims dismissed. If those cannot be segregated from the other fees, then it would appear the defendant’s fee records are suspect. If that much can be shown but no other division can be made, then I would end the award there.
Requiring all interrelated fees to be reimbursed intrudes on the right of a civil right’s plaintiff to bring a non-frivolous claim without having to pay attorneys’ fees to the defense even when the case is unsuccessful.
I respectfully dissent.