# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-31075
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

June 30, 2016

Lyle W. Cayce
Clerk

ANGELA BRAUD,

Plaintiff - Appellant Cross-Appellee

v.

EVIN SCOTT SPELL; RICKY FOX; TOWN OF VINTON,

Defendants - Appellees Cross-Appellants

Appeals from the United States District Court
for the Western District of Louisiana
USDC No. 2:14-CV-3132

Before KING, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:*

Angela Braud appeals the district court's denial of her various state and federal claims alleging that she was unlawfully arrested. The district court determined that she was arrested pursuant to a valid warrant based on probable cause. This determination precluded recovery on all claims. "[T]he ultimate determination of whether there is probable cause for the arrest is a

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

question of law we review *de novo*." *United States v. Castro*, 166 F.3d 728, 733 (5th Cir. 1999). Here, the district court concluded that "[t]he . . . information in the affidavit—the polygraph examination results, the medication audit report from the previous school year, the statements from [school] staff, and the statements of Braud's ex-husband and daughter—was certainly sufficient for a finding of probable cause." *Braud v. Spell*, No. 2:14-CV-03132, 2015 WL 7432813, at *2 (W.D. La. Nov. 19, 2015). We agree. Because there was probable cause to arrest, the district court did not err in rejecting Braud's claims.

Defendants appeal the district court's denial of their motion for attorney's fees under 42 U.S.C. § 1988. "We review a denial of § 1988 attorney's fees for abuse of discretion." *Dean v. Riser*, 240 F.3d 505, 507 (5th Cir. 2001). "[P]revailing defendants in civil rights cases may be awarded attorney's fees only where plaintiff's action was frivolous, unreasonable, or without foundation . . . ." *Kirchberg v. Feenstra*, 708 F.2d 991, 995 (5th Cir. 1983). "Thus, attorney's fees for prevailing defendants are presumptively unavailable unless a showing is made that the underlying civil rights suit was vexatious, frivolous, or otherwise without merit." *Dean*, 240 F.3d at 508.

Here, the district court issued its final ruling only after a contested bench trial where both parties presented a case—a fact that weighs against a finding of frivolousness. *See, e.g.*, *Vaughner v. Pulito*, 804 F.2d 873, 878 (5th Cir. 1986) (no abuse of discretion in denying defendant's request for attorney's fees where action proceeded to trial on the merits); *cf. Myers v. City of West Monroe*, 211 F.3d 289, 293 (5th Cir. 2000) (abuse of discretion in *awarding* attorney's fees to defendants after complete trial). Thus, we hold that the district court did not abuse its discretion in denying attorney's fees here. The judgment of the district court is AFFIRMED. Defendants' motion for damages and costs under Federal Rule of Appellate Procedure 38 is DENIED.