# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-50164
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

August 29, 2016

Lyle W. Cayce
Clerk

JOHN DEUTSH,

> Plaintiff - Appellant

v.

JESUS BECERRA, INCORPORATED,

> Defendant - Appellee

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:15-CV-708

Before STEWART, Chief Judge, and DAVIS and GRAVES, Circuit Judges.

PER CURIAM:*

Plaintiff-Appellant seeks an award of attorney's fees and costs following an entry of default judgment in his favor by the district court. For the following reasons, we remand the matter to the district court for the purpose of calculating an award of attorney's fees and costs.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-50164

**I.**

Plaintiff-Appellant John Deutsh[1] is a paraplegic who primarily relies on the use of a wheelchair for mobility.  In August 2015, Deutsh filed suit in federal court against Defendant-Appellee Jesus Becerra, Inc., ("Becerra"), the owner of La Mexicana Bakery ("the Bakery") in Austin, Texas, for violations of Title III of the Americans with Disabilities Act ("ADA").  *See* 42 U.S.C. §§ 12181, *et seq.*  Deutsh's original complaint included claims that Becerra failed to provide ADA-compliant parking and signage in the parking lot of the Bakery, the step at the entrance of the Bakery exceeded a half an inch, and there was no access ramp to bypass the step.  Deutsh sought declaratory judgment, injunctive relief, and attorney's fees, costs, and litigation expenses.

The record reflects that Becerra was served with notice of the complaint but failed to file an answer or other defense and did not appear in court during the proceedings below. Consequently, the district court entered default judgment against Becerra.  In its judgment against Becerra, the district court imposed a permanent injunction preventing further discrimination under 42 U.S.C. § 12181.  The judgment mandated that Becerra make the La Mexicana Bakery facilities accessible and useable by disabled individuals and provide a list of remediations completed in compliance with the court's order.  *Id.* In its final judgment, the district court ordered that each of the "parties bear their own costs of court and attorney's fees."  The record reflects that, following the final judgment, Deutsh filed a "Plaintiff's Proposed Bill of Costs and Motion for Attorney's Fees" but the district court never ruled on the motion.[2]  Deutsh then filed this appeal, asserting that the district court erred in failing to grant his request for attorney's fees and costs of litigation.

---

[1] The record indicates that Plaintiff-Appellant also spells his name "Jon Deutsch."

[2] Deutsh's motion requests $6,200 in attorney's fees and costs.

2

No. 16-50164

## II.

This court reviews a district court's determination of attorney's fees for abuse of discretion.  *See No Barriers, Inc. v. Brinker Chili's Texas, Inc.*, 262 F.3d 496, 498 (5th Cir. 2001) (reviewing award of attorney's fees for abuse of discretion); *Dean v. Riser*, 240 F.3d 505, 507 (5th Cir. 2001) (reviewing denial of attorney's fees for abuse of discretion).

## III.

The ADA authorizes the court, in its discretion, to award attorney's fees to the prevailing party but does not specify when such an award is appropriate. *See* 42 U.S.C. § 12205 ("[T]he court or agency, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee, including litigation expenses, and costs . . .).  This court has observed, however, that "[e]ach circuit that has addressed the issue has concluded that the considerations that govern fee-shifting under . . . 42 U.S.C. § 1988 apply to the ADA's fee-shifting provision, because the almost identical language in each indicates Congress's intent to enforce them similarly." *No Barriers*, 262 F.3d at 498; *see also* 42 U.S.C. § 1988(b) ("the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs . . ."). In the context of an action for attorney's fees under Section 1988, the Supreme Court has explained that a plaintiff prevails "when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." *Lefemine v. Wideman*, 133 S. Ct. 9, 11 (2012) (per curiam) (citation omitted); *see also* 42 U.S.C. § 1988. "[A]n injunction or declaratory judgment, like a damages award, will usually satisfy that test." *Id.* (citation omitted).  Further, this court has consistently acknowledged in civil rights cases "that a prevailing plaintiff ordinarily is to be awarded attorney's fees in all but special circumstances." *Dean*, 240 F.3d at 508 (quoting

3

No. 16-50164

*Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 417 (1978)). "Thus, a prevailing plaintiff in a civil rights action is presumptively entitled to reasonable attorney's fees, unless a showing of 'special circumstances' is made that would deem such an award unjust." *Dean*, 240 F.3d at 508 (citation omitted).

In his original complaint before the district court, Deutsh requested attorney's fees and costs in conjunction with his ADA claims for relief. The district court issued a permanent injunction and other relief on Deutsh's ADA claims, thus resulting in his status as a prevailing party. *See Lefemine*, 133 S. Ct. at 11. Nevertheless, in its final judgment, the district court ordered the parties to bear their own costs and attorney's fees and made no finding of special circumstances precluding an award of attorney's fees to the plaintiff. Moreover, the district court failed to address Deutsh's bill of costs and motion for attorney's fees that was filed after the final judgment was rendered. Because Deutsh prevailed in his claims against Becerra, however, he is presumptively entitled as a prevailing civil rights plaintiff to attorney's fees and costs absent "a showing of special circumstances" that "would deem such an award unjust." *Dean*, 240 F.3d at 508. Accordingly, we remand the matter to the district court for calculation of an award of attorney's fees and costs. *Id*.

## IV.

For the aforementioned reasons, the matter is REMANDED to the district court for the purpose of calculating an award of attorney's fees and costs incurred by Plaintiff-Appellant.