

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-21-00015-CV
_____

EDWARD COX AND THERESA COX, Appellants

V.

PREMIER LAND LIQUIDATORS, LLC, AND
CEDAR CREEK PRESERVATION, LLC, Appellees

On Appeal from the 62nd District Court
Hopkins County, Texas
Trial Court No. CV44453

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

Edward and Theresa Cox sued Premier Land Liquidators, LLC (Premier), and Cedar Creek Preservation, LLC (Cedar Creek), for claims arising out of an automobile accident. Premier and Cedar Creek moved for summary judgment on the ground that the Coxes' claims were barred by res judicata. The trial court granted the summary judgment motions and dismissed the Coxes' claims with prejudice. We affirm.

In our companion cause number 06-20-00078-CV, the Coxes filed a voluntary nonsuit of their claims against Premier and Cedar Creek after the trial court indicated that it was going to strike their late-filed petitions for failure to comply with its docket control order. Even so, the Coxes refiled the previously struck claims in this new lawsuit against Premier and Cedar Creek. In our opinion in cause number 06-20-00078-CV, we upheld the trial court's decision to dismiss the Coxes' claims against Premier and Cedar Creek with prejudice, after it found that the nonsuit was taken for improper purposes, including avoiding an unfavorable decision on the merits.[1]

The doctrine of res judicata "'promote[s] judicial efficiency, protect[s] parties from multiple lawsuits, and prevent[s] inconsistent judgments by precluding the relitigation' of matters that have already been decided or could have been litigated in a prior suit." *In re Team Rocket, L.P.*, 256 S.W.3d 257, 260 (Tex. 2008) (orig. proceeding) (quoting *Sysco Food Servs., Inc. v. Trapnell*, 890 S.W.2d 796, 801 (Tex. 1994)). "[A] decision on the merits cannot be circumvented by nonsuiting and refiling the case." *Id.*

---

[1]The Coxes argue in their sole point of error on this issue that, "[i]f this Court reverses the trial court's order dismissing Cox's first case with prejudice as Cox has argued, this Court should reverse the trial court's summary judgment order issued in the second case and remand that case for further proceedings."

"[A] dismissal or nonsuit with prejudice is 'tantamount to a judgment on the merits.'" *Epps v. Fowler*, 351 S.W.3d 862, 868 (Tex. 2011) (quoting *Dean v. Riser*, 240 F.3d 505, 509 (5th Cir. 2001)). "The res judicata effect of a nonsuit with prejudice works a permanent, inalterable change in the parties' legal relationship to the defendant's benefit: the defendant can never again be sued by the plaintiff or its privies for claims arising out of the same subject matter." *Id.* at 868–69 (citing *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010)).

Because we upheld the trial court's decision to dismiss with prejudice the Coxes' claims against Premier and Cedar Creek in cause number 06-20-00078-CV, we find that the trial court correctly concluded that res judicata barred the Coxes' claims against those same defendants in this case.

We affirm the trial court's judgment.


Josh R. Morriss, III
Chief Justice


Date Submitted:     July 28, 2021
Date Decided:       September 7, 2021