# IN THE UNITED STATES COURT OF APPEALS

# FOR THE FIFTH CIRCUIT

—————————

m 00-10791

—————————

NO BARRIERS, INC.; LESLIE GREER,

Plaintiffs-Appellants,

VERSUS

BRINKER CHILI'S TEXAS, INC., D/B/A CHILI'S GRILL & BAR,

Defendant-Appellee.

—————————————

Appeal from the United States District Court
for the Northern District of Texas

—————————————

September 5, 2001

Before JOLLY, SMITH, and WIENER,
    Circuit Judges.

JERRY E. SMITH, Circuit Judge:

No Barriers, Inc., a nonprofit organization of persons who use wheelchairs, and Leslie Greer, a disabled person who uses a wheelchair for mobility (collectively "NBI"), sued Brinker Chili's Texas, Inc. ("Brinker"), under the Americans with Disabilities Act ("ADA") for failing to remove architectural barriers, as allegedly required by 42 U.S.C. § 12182(b)(2)(A)(iv), in several restaurants.

The district court held in favor of Brinker and awarded it $8,000 in attorney's fees as a prevailing party pursuant to FED. R. CIV. P. 54(d)-(2)(A) and 42 U.S.C. § 12205.[1] NBI appeals

—————————————

[1] The statute states in full:

   In any action or administrative proceeding commenced pursuant to this chapter, the court or agency, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee, including litigation expenses,

(continued...)

only the fact and amount of the fee award.

## I.

Under the ADA, a plaintiff may sue for injunctive relief to order alterations to facilities. 42 U.S.C. § 12188(a)(2). The statute applies, however, only to "any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a).[2] The parties stipulated that the restaurants are places of public accommodation subject to the ADA[3] and that Brinker Texas, L.P. ("Brinker Texas"), the limited partner of which Brinker is the general partner, owns them.

In pretrial motions, Brinker repeatedly denied that it owned, leased, or operated a Chili's restaurant. Rather, it identified Brinker Texas as the owner and a potential party.[4] Although NBI agreed that Brinker Texas was an owner, it never joined it as a party.

NBI claims that Brinker, as general partner, was an "operator" within the meaning of the ADA, but Brinker contends that this theory merely exhibits a *post hoc* rationalization. Despite Brinker's repeated protestations and a strong suggestion from the district court, two weeks before trial, that NBI should amend its complaint to include Brinker Texas, NBI waited until the morning of trial to seek leave to amend. The court denied the motion and found that Brinker was not the operator of a place of public accommodation.

## II.

We review an award of attorney's fees for abuse of discretion and the underlying factual findings for clear error. *See United States v. Miss.,* 921 F.2d 604, 609 (5th Cir. 1991). The ADA states that the court may award a prevailing party reasonable attorney's fees; it does not specify when such an award is appropriate. *See* 42 U.S.C. § 12205. Each circuit that has addressed the issue has concluded that the considerations that govern fee-shifting under § 706(k) of title VII or under 42 U.S.C. § 1988 apply to the ADA's fee-shifting provision, because the almost identical language in each indicates Congress's

---

[1](...continued)
and costs, and the United States shall be liable for the foregoing the same as a private individual.

42 U.S.C. § 12205.

[2] Section 302(a) of the ADA provides in pertinent part:

[N]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of . . . [the] facilities . . . or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation.

42 U.S.C. § 12182.

[3] The ADA defines "a restaurant, bar, or other establishment serving food and drink" as a "public accommodation," provided its operations affect commerce. 42 U.S.C. 12181(7)(B).

[4] NBI also alleged violations of the ADA in various parking facilities, but Brinker stated that it had no obligation or right to maintain them, pointing out that (1) the restaurant was erected on a ground lease covering a small portion of a commercial center, (2) the lease of premises does not include any of the center's parking area, and (3) Brinker's lessor remains responsible for the entire parking area of the center, including that adjacent to the restaurant.

2

intent to enforce them similarly.[5] Under this standard, a prevailing defendant may not receive fees "unless a court finds that [the plaintiff's] claim was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so." *Christiansburg Garment Co. v. EEOC,* 434 U.S. 412, 422 (1978).

Without belaboring the merits of an issue not before usSSbecause it has not been appealedSSwe must examine briefly the argument to evaluate whether it is frivolous. NBI contends that under Texas law, it is not required to join the limited partner to sue the general partner as an operator of a place of public accommodation. It correctly observes that a general partner of a limited partnership has the same rights and responsibilities as a general partner without limited partners. *See* TEX. REV. CIV. STAT. art. 6132a-1, § 4.03.

NBI claims that no Texas case has addressed the precise issue of required joinder presented here. Even if this is correct, Texas law requires that, to impose liability on a general partner of a limited partnership, the plaintiff must plead and prove a cause of action against that entity in its capacity as the general partner.[6]

The district court found that NBI sued Brinker in its individual corporate capacity, not in its capacity as general partner. NBI has not challenged this finding on appeal. Thus, even if NBI had a colorable argument that it need not have joined Brinker Texas, it failed to sue Brinker in the correct capacity.

While maintaining that Texas law does not require the joinder of the limited partner, NBI relies more heavily on the fact that whether it could sue Brinker without joining Brinker Texas is an open question under the ADA. Indeed, the district court noted that "[t]his is a case of first impression under both the [ADA] and the Texas Architectural Barriers Act as to the requirements of pleading the capacity of a general partner in a limited partnership."

NBI asserts that Brinker, as general partner, "operates" the restaurant within the meaning of the ADA. An entity "operates" a place of public accommodation for purposes of the ADA if it "specifically controls the modifications of the [buildings] to improve their accessibility to the disabled." *Neff v. Am. Dairy Queen Corp.,* 58 F.3d 1063, 1066 (5th Cir. 1995). Brinker continually alleged that it did not have such control, and NBI presented no evidence to the contrary. Because NBI sought injunctive relief requiring the restaurants to alter their facilities, the district court rightly thought it important that NBI sue the entity with the control needed to make the changes.

Regardless of the viability of the pleading argument or of the theory that a general partner "operates" a place of public accommodation under the ADA, existing

---

[5] *See Small v. Dellis,* 211 F.3d 1265, 2000 U.S. App. LEXIS 7739 (4th Cir. 2000); *Bruce v. City of Gainesville,* 177 F.3d 949, 951-52 (11th Cir. 1999); *Bercovitch v. Baldwin School, Inc.,* 191 F.3d 8, 11 (1st Cir. 1999); *see also Adkins v. Briggs & Stratton Corp.,* 159 F.3d 306, 307-08 (7th Cir. 1998); *Summers v. A. Teichert & Son, Inc.,* 127 F.3d 1150, 1154 (9th Cir. 1997).

[6] *See Texaco v. Wolfe,* 601 S.W.2d 737 (Tex. Civ. App.SSHouston [1st Dist.] 1980, writ ref'd n.r.e.); *Shawell v. Pend Oreille Oil & Gas Co.,* (continued...)

[6](...continued)
823 S.W.2d 336 (Tex. App.SSTexarkana, 1992, writ denied).

precedent neither supported nor absolutely foreclosed these interpretations. Thus, had NBI sued Brinker in the correct capacity and presented factual support for its theory, the court might not have deemed frivolous its decision to proceed to trial.[7] NBI, however, made no evidentiary showing that Brinker owned, leased, or operated a Chili's in its individual corporate capacity nor that it exercised any control over the architectural design of the property.

Significantly, the court shifted the attorney's fees only for the trial portion of the litigation. Thus, the court penalized NBI only for continuing the trial after it had failed repeatedly to sue the proper party; before trial, NBI could have corrected the defect by amending its complaint. Because, however, NBI utterly failed to sue the proper party and did not present any evidence supporting its theory at trial even had it pleaded properly, the court did not abuse its discretion in finding that NBI unreasonably continued to litigate.[8]

### III.

NBI contests the calculation of fees. We review a determination of reasonable hours and rates for clear error and the application of the relevant factors for abuse of discretion. *La. Power & Light Co. v. Kellstrom,* 50 F.3d 319, 329 (5th Cir. 1995).

NBI contends that the court erred in failing to calculate a "lodestar" amount determined by the reasonable number of hours expended multiplied by the reasonable hourly rates for the attorneys involved. *See Hensley v. Eckerhart,* 461 U.S. 424 (1983). The "lodestar" may be adjusted according to (1) the time and labor required for the litigation; (2) the novelty and difficulty of the questions presented; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney by acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations

---

[7] The court noted:

> [T]he law in Texas would have allowed you to have served Brinker Texas, LP by serving the general partner had you clarified that was what you were doing, but you did not clarify that. . . . I know of no authority that would hold the general partner liable for the acts of the limited partnership, as opposed to you're [sic] having been able to serve the limited partnership by serving the general partner, which you could have done had you clarified that's what you were doing.

---

[8] *Cf. Durrett v. Jenkins Brickyard, Inc.,* 678 F.2d 911 (11th Cir. 1982) (awarding fees to a defendant that had been forced to continue litigation solely because of plaintiff's failure to correct an error); *Sullivan v. Sch. Bd.,* 773 F.2d 1182, 1189 (11th Cir. 1985) (observing that cases in which a finding of frivolity is sustained typically include a plaintiff's failure to produce evidence in support of his claims). NBI correctly observes that the court could have chosen not to award fees. *See, e.g., Adkins v. Briggs & Stratton Corp.,* 159 F.3d 306, 307-08 (7th Cir. 1998) ("Nothing in 12205 suggests that the court must award fees to a party defending against a frivolous claim . . . ."); *Summers v. A. Teichert & Son, Inc.,* 127 F.3d 1150 (9th Cir. 1997) (refusing to award fees to defendant where ADA plaintiff had failed to ask for accommodation for his disability). This does not mean, however, that the court abused its discretion in choosing the opposite course.

4

imposed by the client or circumstances; (8) the amount involved and the result obtained; (9) the experience, reputation and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Shipes v. Trinity Indus.,* 987 F.2d 311, 319-20 (5th Cir. 1993) (citing *Johnson v. Ga. Hwy. Express, Inc.,* 488 F.2d 714 (5th Cir. 1974)). Moreover, NBI asserts that because Brinker's application for fees did not state how long the participating attorneys had been practicing law, the court could not (and did not) calculate a reasonable hourly rate.

Brinker presented details of the work completed and the rates charged by each attorney, a total of 818.8 hours and $112,796. Although the court did not provide a specific calculation, it awarded only a small fraction of the amount requestedSS$8,000.

When a prevailing party submits a fee application without proper documentation, the court has the discretion to reduce the award to a reasonable amount.[9] Moreover, the court need not explicitly calculate the lodestar to make a reasonable award.[10] In *Wegner,* as

here, the party challenging the attorney's fees did not explain why they were unreasonable. *Id.* at 823. The court upheld the award, stating:

> Under these circumstances, given the district court's familiarity with the legal work done on this relatively straightforward [legal issue] as well as our deferential standard of review, we are constrained to hold that the district court had sufficient information before it to determine reasonable hours.

*Id.* Similarly, the district court acted within its discretion in granting a small portion of the fees requested on the information before it.[11]

AFFIRMED.

---

[9] *Von Clark v. Butler,* 916 F.2d 255, 259 (5th Cir. 1990) ("Absent a reliable record of the time expended on the prevailing claim, it is within the discretion of the district court to determine a reasonable number of hours that should have been expended.").

[10] *See Wegner v. Standard Ins. Co.,* 129 F.3d 814, 822-23 (5th Cir. 1997) (concluding that even though a prevailing party submitted only a summary of total hours expended and hourly rates, this data was "not so vague and incomplete that the district court was precluded from conducting a (continued...)

---

[10](...continued) meaningful review").

[11] At oral argument, Brinker stated that it will not seek additional attorney's fees if successful on this appeal.

5