United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 10, 2003**

Charles R. Fulbruge III
Clerk

I n the

# United States Court of Appeals
## for the Fifth Circuit

---

m 02-31195
Summary Calendar

---

PETER VITALE,

Plaintiff-Appellant,

VERSUS

GEORGIA GULF CORPORATION,

Defendant-Appellee.

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

---

m 02-31264
Summary Calendar

---

PETER VITALE,

Plaintiff-Appellee,

VERSUS

GEORGIA GULF CORPORATION,

Defendant-Appellant.

Appeals from the United States District Court
for the Middle District of Louisiana
m 00-858-D

Before SMITH, DEMOSS, and STEWART,
Circuit Judges.

JERRY E. SMITH, Circuit Judge:[*]

Peter Vitale sued Georgia Gulf Corporation ("Georgia Gulf") under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.* He appeals a FED. R. CIV. P. 50 judgment as a matter of law ("j.m.l."). Georgia Gulf appeals the denial of attorney's fees. Finding no error, we affirm.

## I.

Georgia Gulf employed Vitale in a variety of capacities.[1] While working as a pipefitter's helper, Vitale injured his back. Because a neurosurgeon then limited the kind of work Vitale could perform,[2] Vitale could not return to his original position.[3] After leaving Georgia Gulf, he sued.[4] At the conclusion of the jury trial, Georgia Gulf successfully moved for j.m.l., then unsuccessfully sought attorney's fees pursuant to 42 U.S.C. § 12205.

## II.

We review a j.m.l. *de novo. Delano-Pyle v. Victoria County*, 302 F.3d 567, 572 (5th Cir. 2002), *cert. denied*, 124 S. Ct. 47 (2003). We review all the evidence and "must draw all reasonable inferences in favor of the nonmoving party." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 149 (2000). "[A] court may not render [j.m.l.] unless a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue." *Fitzgerald v. Weasler Eng'g, Inc.*, 258 F.3d 326, 337 (5th Cir.), *amended*, 274 F.3d

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] Vitale worked as a maintenance technician, involving a number of duties, including fire-watching, hold-watching, and pipe-fitting.

[2] The neurosurgeon stated Vitale cannot lift "over 10 pounds frequently or 20 pounds occasionally. He may not sit or stand over one hour without breaks. He may not stoop, crawl, climb ladders, or perform overhead work[.] All these
(continued...)

[2](...continued)
restrictions are permanent . . . because of the degenerative condition of his lumbar spine."

[3] Georgia Gulf maintains that Vitale's doctors never released him to work for it. Vitale contends that he pursued "light duty" positions but was repeatedly told that none was available. Adopting either contention does not affect this appeal.

[4] Vitale also sued under the Louisiana equivalent of the ADA, LA. R.S. 23:303. Neither party discusses the state claims to any significant extent, however.

881 (5th Cir. 2001).

The ADA, 42 U.S.C. § 12112(a), forbids covered employers from discriminating "against a qualified individual with a disability because of the disability of such individual," with regard to, among other things, "terms, conditions, and privileges of employment." As one of the "essential elements" of his claim, Vitale must prove that he "was a qualified person with a disability" at the time of the alleged discrimination, *Rizzo v. Children's World Learning Ctrs., Inc.*, 213 F.3d 209, 212 (5th Cir. 2000),[5] which means a person who "with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires," 42 U.S.C. § 12111(8). A "reasonable accommodation" includes "job restructuring, part-time or modified work schedules, reassignment to a vacant position," and general concessions involving training and facilities. 42 U.S.C. § 12111(9).

Vitale failed to produce evidence from which a reasonable jury could find that he was a qualified individual with a disability. Based on the testimony of his doctor and as admitted in Vitale's own brief, he could not continue, with his limitations on lifting and movement, working in his prior position. Thus, to satisfy the "qualified individual" requirement, Vitale needed to produce evidence of a reasonable accommodation, as defined in § 12111(9), that Georgia Gulf could have provided.

Vitale largely points to Georgia Gulf employees who testified that he could have filled other, less-demanding posts[6] and that Georgia Gulf had moved individuals with similar disabilities into such posts. Vitale, however, produced no evidence that Georgia Gulf needed to fill a vacant position that would have accommodated his restrictions. "For the accommodation . . . to be reasonable, it is clear that a position must first exist and be vacant.

Under the ADA, an employer is not required to give what it does not have." *Foreman v. Babcock & Wilcox*, 117 F.3d 800, 810 (5th Cir. 1997). Vitale does not contest the fact that Georgia Gulf did not need to fill a vacant light duty post. Again, he merely asserts that Georgia Gulf's assignments of injured individuals to temporary light duty positions indicates that he should receive a light duty assignment of indefinite duration.[7]

---

[6] Georgia Gulf's Human Resources Supervisor indicated that Vitale could have filled the fire watch position or positions involving the monitoring and checking for leaks in the pipes.

[7] Vitale's sole authority in support of his contention that "the creation of such a position to accommodate similarly situated employees is proof that such a position did . . . exist" does not support his case at all. See *Burch v. City of Nacogdoches*, 174 F.3d 615, 621 n.11 (5th Cir. 1999) ("Had [plaintiff] shown that the City treated him differently from others similarly situated by not *reassigning* him under identical conditions, his position on appeal would have been much stronger" (emphasis added)). Reassignment is not equivalent to creating a new position. One district court in this circuit has held that accommodations to some employees do not require similar accommodations to all similarly-situated employees. *Wilburn v. Lucent Techs., Inc.*, 2000 U.S. Dist. LEXIS 17520, at *14 (N.D. Tex. 2000) (stating that "creating a light-duty position . . . is not a 'reasonable' [accommodation]").

---

[5] *See also Daugherty v. City of El Paso*, 56 F.3d 695 (5th Cir. 1995) (The ADA "prohibits employment discrimination against qualified individuals with disabilities, no more and no less.").

Without evidence to show that he either could have performed his previous job or could have filled a *vacant* opening, Vitale is not a qualified individual with a disability, so a reasonable jury could not conclude that Georgia Gulf discriminated in violation of the ADA. Therefore, the district court did not err in granting the rule 50 motion.

### III.

Because it obtained a j.m.l., Georgia Gulf asserts it is entitled to attorney's fees.[8] We review a ruling on attorney's fees for abuse of discretion. *No Barriers, Inc. v. Brinker Chili's Tex., Inc.*, 262 F.3d 496, 498 (5th Cir. 2001). The ADA fee-shifting provision has language similar to that of title VII and 42 U.S.C. § 1988. Consequently, the doctrines from these two provisions apply to the case at hand. *No Barriers*, 262 F.3d at 498.

Although Georgia Gulf effectively cites precedent regarding the circumstances in which a court *may*[9] award attorney's fees, it does not provide examples of when a court *must* award fees to prevailing defendants. In contrast to prevailing plaintiffs in civil rights actions, who "should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust," *Newman v. Piggie Park Enters., Inc.*, 390 U.S. 400 (1968), prevailing defendants *may* receive fees under the *Christiansburg* standard.

Although Vitale did not succeed on his ADA claim, the district court did not abuse its "sound discretion" in denying attorney's fees. *EEOC v. Tarrant Distribs., Inc.*, 750 F.2d 1249, 1250 (5th Cir. 1984) (citing *Christiansburg*). Although Georgia Gulf's assignments of injured employees to light duty positions do not excuse Vitale from the ADA's requirements of a "qualified individual with a disability," those assignments render this suit less frivolous or unreasonable.

The district court properly granted j.m.l. and denied attorney's fees. The judgment is AFFIRMED.

---

[8] 42 U.S.C. § 12205 ("In any action . . . commenced pursuant to this chapter, the court[,] in its discretion, may allow the prevailing party . . . a reasonable attorney's fee . . . .").

[9] A prevailing defendant may not receive fees unless the plaintiff's claim "was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so." *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 422 (1978).