United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 21, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 06-50840

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

Plaintiff - Appellant

v.

MOTHER'S WORK INC

Defendant - Appellee

Consolidated with
No. 06-51149

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

Plaintiff - Appellee

v.

MOTHER'S WORK INC

Defendant - Appellant

Appeals from the United States District Court
for the Western District of Texas, San Antonio
(04-CV-873)

Before JOLLY, STEWART, and PRADO, Circuit Judges.

PER CURIAM:[*]

These appeals arise from a disability discrimination suit brought by the Equal Employment Opportunity Commission ("EEOC") against Mothers Work, Inc. ("Mothers Work"), in which the EEOC alleges that Mothers Work terminated Monica Sarfaty ("Sarfaty") from her position as a regional manager because of her bipolar disorder, in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq. The district court granted summary judgment for Mothers Work, concluding that the EEOC failed to raise a genuine issue of material fact that Sarfaty's bipolar disorder substantially limited a major life activity. In addition, the district court found that any impairment suffered by Sarfaty was corrected by the medication protocol established for her by her doctors. Alternatively, the district court held that the EEOC failed to present any evidence that at the time of Sarfaty's discharge, Mothers Work was aware that Sarfaty suffered from bipolar disorder. In a subsequent order, the district court denied Mothers Work's motion for attorneys' fees and most of the requested costs.

The EEOC now appeals the district court's adverse summary judgment ruling, arguing that a reasonable jury could find (1) that Sarfaty is disabled within the meaning of the ADA, (2) that

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

-2-

Sarfaty's disability was a motivating factor in Mothers Work's decision to terminate her, and (3) that Mothers Work's stated reason for terminating Sarfaty was a pretext for discrimination. Mothers Work cross-appeals the district court's order on attorneys' fees and costs. These actions have been consolidated on appeal, and this court has jurisdiction pursuant to 28 U.S.C. § 1291.

We review the district court's grant of summary judgment de novo, applying the same standard as the district court. See Cutrera v. Bd. of Supervisors of La. State Univ., 429 F.3d 108, 110 (5th Cir. 2005). We review the district court's decision on attorneys' fees and costs for an abuse of discretion. See Mota v. Univ. of Tex. Houston Health Sci. Ctr., 261 F.3d 512, 527, 529 (5th Cir. 2001).

Having reviewed the briefs, the district court's orders, and the pertinent portions of the record, we find no error of law or fact warranting reversal. Essentially for the reasons stated by the district court, we agree that the EEOC has failed to create a genuine issue of material fact that Sarfaty is a qualified individual with a disability within the meaning of the ADA because there is no evidence that she is substantially limited in one or more major life activities. Because the EEOC has failed to establish a prima facie case of discrimination under the ADA, we affirm the district court's grant of summary judgment in favor of Mothers Work. See Mason v. United Air Lines, Inc., 274 F.3d

-3-

314, 316 (5th Cir. 2001).

In addition, we affirm the district court's order denying attorneys' fees and certain costs to Mothers Work. For the reasons given by the district court, we cannot conclude that the EEOC's action was "frivolous, unreasonable, or groundless," entitling the prevailing defendant to attorneys' fees. See No Barriers, Inc. v. Brinker Chili's Tex., Inc., 262 F.3d 496, 498 (5th Cir. 2001). We also find no abuse of discretion in the district court's refusal to award costs associated with video depositions, the second deposition of Phillip Williams, and other miscellaneous items, as these costs are either not authorized under 28 U.S.C. § 1920 or, in the case of the Williams deposition, precluded by a previous agreement between the district court and Mothers Work. See 28 U.S.C. § 1920; see also Mota, 261 F.3d at 529-30.

Accordingly, for the reasons stated above, we AFFIRM the judgment of the district court.

AFFIRMED.