IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 12, 2009

Charles R. Fulbruge III
Clerk

No. 07-41263
Summary Calendar

ROBERT T. CLIFTON,

Plaintiff–Appellee,

v.

CITY OF DENTON; JON FORTUNE, Individually and in his Official
Capacity as Assistant City Manager of the City of Denton; HOWARD
MARTIN, Individually and in his Official Capacity as Interim City Manager
of the City of Denton,

Defendants-Appellants.

Appeals from the United States District Court
for the Eastern District of Texas
USDC No. 4:06-CV-472

Before KING, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

The City of Denton (City), Jon Fortune, and Howard Martin appeal the
district court's denial of their motions seeking attorney's fees pursuant to 28
U.S.C. § 1927 and 42 U.S.C. § 1988. We affirm.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

I

Robert Clifton, a Denton County resident, spoke with Interim City Manager, Howard Martin, about a check issued to the City but sent to the home address of a superintendent in the electrical division. Eventually, the discussion between Clifton and Martin escalated and the conversation that began in the reception area of Martin's office moved into the hallway. A City employee witnessing the exchange then notified Assistant City Manager Jon Fortune who, in turn, contacted the Denton Police for assistance. The police issued Clifton a Notice of Trespass (Notice) ordering him to leave the property and never to return to the Denton City Hall address. Clifton was not arrested, and there were no criminal charges filed against him.

The same day, a letter was hand delivered to Clifton clarifying that the Notice applied to the private offices and office areas for city employees but did not apply to the common areas of City Hall, such as hallways, City Council Chambers, and the City Council Work Session Room, and that the Notice was not intended to keep Clifton from conducting business with the City. The letter also stated that Clifton could contact staff members in City Hall by phone or email. Clifton has since visited Denton City Hall and has not been arrested.

Clifton brought suit against the City, Fortune, and Martin alleging violations of free speech, equal protection, and due process. The district court dismissed the claims against Fortune and Martin based on qualified immunity and granted summary judgment to the City, adopting the magistrate judge's report and recommendations that "Clifton has failed to show any violation of a constitutional right."

The district court also denied the defendants' two motions seeking attorney's fees from Clifton's counsel, Potts & Reilly, L.L.P. (Potts), pursuant to 28 U.S.C. § 1927, and Clifton, pursuant to 42 U.S.C. § 1988. According to the court, "there is nothing in the record to indicate [the suit] was groundless or filed

frivolously." Additionally, the district court noted that "many of the pleadings filed by Plaintiff in this matter were filed in response to those filed by Defendants. Therefore, the Court does not find that Plaintiff's conduct was vexatious or unreasonable."

Clifton's timely appeal was later dismissed for want of prosecution. The City, Fortune, and Martin cross-appealed, claiming that the district court abused its discretion in denying their motions for attorney's fees. We review a district court's denial of attorney's fees under 28 U.S.C. § 1927[1] and 42 U.S.C. § 1988[2] for abuse of discretion.

## II

According to § 1927, a district court may shift reasonable fees to "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously."[3] This requires "evidence of bad faith, improper motive, or reckless disregard of the duty owed to the court."[4] Section 1927 only authorizes shifting fees associated with "'the persistent prosecution of a meritless claim.'"[5] "[C]ourts often use repeated filings despite warnings from the court, or other proof of excessive litigiousness, to support imposing sanctions."[6]

Under 42 U.S.C. § 1988(b), a district court, in its discretion, may award to the "prevailing party" in a § 1983 action reasonable attorney's fees.[7] Under this

---

[1] Cambridge Toxicology Group, Inc. v. Exnicios, 495 F.3d 169, 180 (5th Cir. 2007).

[2] Roark & Hardee LP v. City of Austin, 522 F.3d 533, 556 (5th Cir. 2008).

[3] 28 U.S.C. § 1927.

[4] Edwards v. Gen. Motors Corp., 153 F.3d 242, 246 (5th Cir. 1998).

[5] Procter & Gamble Co. v. Amway Corp., 280 F.3d 519, 525 (5th Cir. 2002) (quoting Browning v. Kramer, 931 F.2d 340, 345 (5th Cir. 1991)).

[6] Id.

[7] Roark & Hardee, 522 F.3d at 556.

standard, a prevailing defendant may not receive fees "unless a court finds that [the plaintiff's] claim was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so."[8]

After reviewing the record, we agree with the district court that, "while [Clifton's] suit was ultimately disposed of on pretrial motions, there is nothing in the record to indicate it was groundless or filed frivolously." The City, Fortune, and Martin have failed to provide sufficient evidence that this suit was frivolous, unreasonable, or groundless, or that Potts acted with bad faith, improper motive, or reckless disregard of the duty owed to the court. Accordingly, the district court did not abuse its discretion in denying attorney's fees under 28 U.S.C. § 1927 and 42 U.S.C. § 1988.

AFFIRMED.

---

[8] *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 422 (1978); *No Barriers, Inc. v. Brinker Chili's Tex., Inc.*, 262 F.3d 496, 498 (5th Cir. 2001) (alteration in original).