IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 17-50109

United States Court of Appeals
Fifth Circuit

**FILED**
December 14, 2017

Lyle W. Cayce
Clerk

JON R. DEUTSCH,

  Plaintiff - Appellant

v.

JESUS BECERRA, INCORPORATED,

  Defendant - Appellee

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:15-CV-708

Before KING, DENNIS, and COSTA, Circuit Judges.

PER CURIAM:*

    Jon Deutsch is before us a second time appealing an attorney's fees and costs ruling after he obtained a default judgment in his Americans with Disabilities Act suit against a bakery. Deutsch has not identified error in the district court's fee decision, but the district court erred by refusing to enter an order enforcing this court's award of costs in Deutsch's first appeal.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-50109

## I.

Deutsch's attorney has filed hundreds of ADA lawsuits in the Austin Division of the Western District of Texas, making him well versed in that area of the law and in the district's procedures. The one before us was filed against Jesus Becerra, Inc., owner of La Mexicana Bakery in Austin. Deutsch alleged that Becerra failed to provide ADA-compliant parking and signage in the parking lot of the bakery, that the step at the entrance of the bakery exceeded ADA regulations by three and a half inches, and that there was no access ramp to bypass the step.

Although Becerra was served with notice of the complaint, it failed to file an answer or other defense and did not make an appearance. The district court therefore entered a default judgment and permanent injunction against Becerra, ordering Becerra to make the bakery ADA-compliant. Deutsch then submitted a motion requesting $5500 in fees and $700 in costs. But the district court ruled that each of the parties would "bear their own costs of court and attorney's fees." Deutsch appealed, asserting that the district court erred in failing to grant his request for attorney's fees and costs of litigation. Noting that a prevailing civil rights plaintiff like Deutsch is presumptively entitled to fees and costs absent a special circumstance, we remanded the matter to the district court for a calculation of attorney's fees and costs. *Deutsch v. Jesus Becerra, Inc.*, 668 F. App'x 569, 571 (5th Cir. 2016).

On remand, Deutsch requested $15,500 in fees and $1236 in costs, which was more than before because of the first appeal. The district court awarded only $1000 in attorney's fees and $400 in costs. Deutsch now contends that the district court erred in its fee award and in failing to include the costs of the first appeal. When it comes to the fees, however, for whatever reason Deutsch asks only for the "original attorney's fees sought," which is the $5500 in fees he said he incurred for his work in the district court. Appellant's Brief at 31;

No. 17-50109

*see also id.* at 17 (arguing that the initial request "of $6200" for fees and costs was "reasonable and had a legitimate basis"). His appeal does not seek the 20 hours his second request said he spent working on the appeal (though as mentioned he does seek the costs this court awarded in its judgment).[1]

## II.

We review the determination of attorney's fees for abuse of discretion. *See Dean v. Riser*, 240 F.3d 505, 507 (5th Cir. 2001). As a prevailing party in a civil-rights case, Deutsch was entitled to attorney's fees "unless a showing of 'special circumstances' [was] made that would deem such an award unjust. *Id.* at 508 (citation omitted). In calculating attorney's fees, a court begins by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate to yield a lodestar that can be adjusted up or down. *See Green v. Administrators of Tulane Educ. Fund*, 284 F.3d 642, 661 (5th Cir. 2002). The *Johnson* factors are then used to determine whether an adjustment to the original lodestar amount is appropriate. *See Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974). Among the many considerations are the novelty and complexity of the issues, the time and labor required, and the amount involved and results obtained. *Id.*; *Walker v. U.S. Dept. of Housing & Urban Dev.*, 99 F.3d 761, 772 (5th Cir. 1996).

In its evaluation of the number of hours Rosales worked on this case at the trial level, the district court concluded that four hours was reasonable considering that this was basically a "cookie-cutter exercise" for him. The trial judge reached this conclusion because, in his view, the hundreds of similar lawsuits that Rosales had filed resulted in a template "on which Rosales merely changes names of defendants and other minor information . . . ." The district

---

[1] Because Deutsch does not seek the fees related to his first appeal, we express no opinion on the propriety of the district court not awarding any fees for that stage of the litigation.

court also concluded that $250/hour rather than the sought $500/hour was reasonable because "[p]rosecution of this case did not require research, legal reasoning, or drafting expertise." It thus awarded Deutsch $1000 in attorney's fees ($250 * 4), without further adjustment.

We limit our review of the district court's fee determination to the two arguments Deutsch makes. He first contends that the district court abused its discretion because it "did not provide a reasonably specific explanation for the reduction of attorney's fees." *See Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 558 (2010). We disagree. The district court explained that Deutsch applied a copy-and-paste litigation strategy, essentially using the same template to sue a number of businesses for ADA violations. It thus concluded that this case against the bakery could rely on ready-made pleadings and did not involve any novel or difficult issues. Deutsch may not like or agree with that explanation, but it is a reason.

Deutsch's second attack on the fee award is that it should not have been reduced based on the degree of success he achieved. He cites some cases from the significant body of caselaw addressing the "degree of success" factor in civil rights cases, which often do not seek a significant monetary remedy. *See, e.g., Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983); *Grisham v. City of Fort Worth*, 837 F.3d 564, 570 (5th Cir. 2016). And Deutsch is right that he obtained everything he asked for in this suit: an injunction requiring the bakery to comply with federal disability law. The problem is that the district court did not reduce the fee award on the ground that the lawsuit did not result in a monetary recovery or was a limited success in some other respect. As discussed, the reduction was based on the court's view that the case did not require much time because it was a "cookie-cutter exercise." Saying that a lawsuit is simple and does not require much work is different than saying that it was not successful. *See Johnson*, 488 F.2d at 717–19 (listing as separate

factors the "time and labor required," "novelty and difficulty of the questions," and "the amount involved and the results obtained"). Because the district court did not cite the results obtained as a basis for the reduction, this argument is unavailing.

Deutsch has not identified an error that demonstrates an abuse of discretion concerning the fee award.

## III.

We reach a different result on his challenge to the limited award of costs, which is also reviewed for abuse of discretion. *Fogleman v. ARAMCO*, 920 F.2d 278, 285 (5th Cir. 1991). Deutsch's appeal on costs focuses solely on the district court's failure to grant his request for "Fifth Circuit Bill of Costs" in the amount of $536. The district court denied Deutsch's request for two reasons: (1) Deutsch failed to provide any documentation to support his request and (2) because "it would be inequitable to shift appellate costs" to Becerra when it did not take any part in the appeal. As for the latter, it ignores that the panel deciding Deutsch's first appeal already ordered that he was entitled to costs. The judgment from our court "ORDERED that defendant-appellee pay to plaintiff-appellant the costs on appeal to be taxed by the Clerk of this Court." And Deutsch submitted a sworn bill of costs to the Fifth Circuit Clerk of Court.

That leaves just the first concern about whether evidence supported the claimed amount of the costs. This court's mandate ordered Becerra to pay Deutsch's "costs on appeal to be taxed by the clerk of this court." The clerk approved a sworn bill of costs in the amount of $536. That approved bill of costs was sent to the district court along with this court's judgment and opinion. No further documentation was required in the district court. The district court's only duty was to enter an order consistent with this court's mandate that Becerra pay Deutsch's costs on appeal taxed by the clerk of this court. *Cf. Gen. Universal Sys., Inc. v. HAL, Inc.,* 500 F.3d 444, 453 (5th Cir.

No. 17-50109

2007) ("The mandate rule requires a district court on remand to effect our mandate and to do nothing else." (quoting *United States v. Castillo,* 179 F.3d 321, 329 (5th Cir.1999))).  The district court thus erred by refusing to enforce this court's judgment awarding Deutsch $536 for the "Fifth Circuit Bill of Costs."

*     *     *

We AFFIRM the district court's award of attorney's fees and VACATE the judgment denying the costs for the first appeal with instructions to MODIFY the judgment to include the $536 in costs from that appeal.  That modified judgment should also include the costs reflected in the bill of costs that the court of appeals enters in this second appeal.  Otherwise, it will have cost Deutsch another filing fee to obtain the filing fee our court awarded as a cost in the first appeal.  Entry of the modified judgment including the amounts approved in the Bills of Costs from both appeals will conclude this case.